1997 OK 114

**STATE of Oklahoma ex rel., OKLA-HOMA BAR ASSOCIATION, Complainant,**

v.

**Stephen Michael WATKINS, Respondent.**

**No. 4281.**

Supreme Court of Oklahoma.

Sept. 9, 1997.

Alan J. Welch, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, for Oklahoma Bar Association.

Stephen Michael Watkins, Pro Se.

WATT, Justice.

¶1 Upon the filing of a complaint[1] filed May 21, 1997 with the Supreme Court of Oklahoma, Respondent, Stephen Michael Watkins, tendered his resignation from membership in the OBA pending disciplinary proceedings. The OBA has filed an application for approval of Respondent's resignation. Upon consideration of the matter, we find:

1) Respondent's name and address appear on the roster maintained by the OBA as follows: Stephen Michael Watkins, 403 S. Cheyenne, Suite 1200, Tulsa, OK 74103.

2) Respondent executed his resignation on July 18, 1997.

3) Respondent's resignation was freely and voluntarily tendered; he was not subject to coercion or duress; and he was fully aware of the consequences of submitting his resignation. Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. Ch. 1, App. 1–A.

4) Respondent was aware that a formal Complaint was filed with this Court on May 21, 1997 alleging in Count I that Respondent violated Rules 1.1, 1.3, 1.4, 1.15 and 8.4(c), Oklahoma Rules of Professional Conduct, 5 O.S. Ch. 1, App. 3–A ("ORPC"), and Rule 1.4, RGDP, alleging in Count II that he violated Rules 1.1, 1.3, 1.4, 3.2, and 8.4(c), ORPC; alleging in Count III that he violated Rules 1.1, 1.3, and 1.4, ORPC; alleging in Count IV that he violated Rules 1.1, 1.3, 1.4, and 8.4(c), ORPC; alleging in Count V that he violated Rules 1.1, 1.3, 1.4, 3.2, 4.4 and 8.4(c), ORPC; alleging in Count VI that he violated Rules 1.4, and 8.4(c), ORPC, and Rule 1.3, RGDP; alleging in Count VII that he violated Rules 1.1, 1.3, 1.4, and 1.16(d), ORPC; and alleging in Count VIII that he violated Rule 8.1(b), ORPC, and Rule 5.2, RGDP.

5) Respondent was aware that the burden of proof regarding the allegations set forth above rests upon the Oklahoma Bar Association. Respondent waived any and all right to contest the allegations.

6) Respondent was aware that, if proven, the alleged conduct would constitute violations of Rules 1.1, 1.3, 1.4, 1.15, 1.16(d), 3.2, 4.4, 8.1(b) and 8.4(c), Oklahoma Rules of Professional Conduct, and Rules 1.4, 1.3 and 5.2, Rules Governing Disciplinary Proceedings.

7) Respondent was aware that either the approval or disapproval of this resignation is within the discretion of the Supreme Court.

8) Respondent agrees to comply with the provisions of Rule 9.1, Rules Governing Disciplinary Proceedings, within twenty (20) days following the date of this resignation.

9) Respondent recognizes and agrees that he may not make application for reinstatement to membership in the OBA prior to the expiration of five (5) years from the effective date of our approval of his resignation and upon compliance with the conditions of Rule 11, Rules Governing Disciplinary Proceedings.

10) Respondent agrees to reimburse the OBA should the OBA pay out any funds to his former clients through the Client Security Fund.

11) Respondent's resignation pending disciplinary proceedings should be approved.

¶2 IT IS THEREFORE ORDERED that Complainant's application and Respondent's resignation are approved.

¶3 IT IS FURTHER ORDERED that Respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the date of this opinion.

---

1. A copy of the complaint setting forth in detail each and every allegation is attached hereto and marked as Exhibit "A".

¶4 IT IS FURTHER ORDERED that Respondent comply with Rule 9.1, Rules Governing Disciplinary Proceedings.

¶5 IT IS FURTHER ORDERED that Respondent reimburse the Client Security Fund of the Oklahoma Bar Association, including interest at the statutory rate, should it pay any funds to his former client for claims made due to his alleged misconduct.

¶6 ALL JUSTICES CONCUR.

## EXHIBIT A

### *COMPLAINT*

Complainant, State of Oklahoma ex rel. Oklahoma Bar Association, for its claim against the Respondent, Stephen Michael Watkins, alleges and states:

1. The Respondent is a member of the Oklahoma Bar Association and is licensed to practice law by the Supreme Court of the State of Oklahoma. The Respondent was so licensed at all times relevant to this Complaint.

2. To the best knowledge, information, and belief of Complainant, the Respondent has committed specific acts which constitute professional misconduct in violation of the Oklahoma Rules of Professional Conduct, ("ORPC"), 5 O.S. ch. 1, app. 3–A, (Supp. 1996), and are cause for professional discipline as provided in the Rules Governing Disciplinary Proceedings, ("RGDP"), 5 O.S. ch. 1, app. 1–A, (Supp.1996). This standard of conduct, adopted and enforced by the Supreme Court of the State of Oklahoma, provides guidelines by which all attorneys are to practice law in Oklahoma.

3. These proceedings are begun pursuant to Rule 6, RGDP.

4. The official Oklahoma Bar Association roster address of the Respondent is: Stephen Michael Watkins, OBA # 15367, 403 S. Cheyenne, Suite 1200, Tulsa, OK 74103.

### *COUNT I*

5. In 1996, William John Grant ("**Grant**") retained the Respondent to represent him in regards to a personal injury accident.

6. **Grant** advanced $1500.00 to the Respondent towards costs and expenses. The Respondent has accounted for $300.00 in expenses and has failed to account for the $1200.00 balance.

7. The Respondent failed for several months to account for, or return, the $1200.00 balance to **Grant**.

8. The Respondent has ignored **Grant's** efforts to communicate and will not respond to his correspondence and telephone messages.

9. The Respondent's conduct thereby violated the mandatory provisions of Rules 1.1, 1.3, 1.4, 8.4(c), and 1.15, ORPC, and Rule 1.4, RGDP, and constitutes grounds for professional discipline.

### *COUNT II*

10. In March 1995, Linda Spaulding ("**Spaulding**") retained the Respondent to represent her in regards to a personal injury accident.

11. Shortly thereafter, the Respondent assured **Spaulding** that the insurance carrier had stated that they wanted to settle the case immediately and that settlement appeared imminent.

12. Those assurances of the Respondent were intentional misrepresentations.

13. About May 1996, the Respondent moved from his office and left no forwarding address for **Spaulding**.

14. If the Respondent performed any further services on **Spaulding's** behalf, he failed to communicate that information to her.

15. The Respondent ignored **Spaulding's** efforts to communicate and did not respond to her correspondence or telephone messages.

16. The Respondent's conduct thereby violated the mandatory provisions of Rules 1.1, 1.3, 1.4, 3.2, and 8.4(c), and constitutes grounds for professional discipline.

### *COUNT III*

17. In July 1995, Lisa Paquette ("**Paquette**") retained the Respondent to repre-

sent her in regards to a personal injury claim.

18. Shortly thereafter, the Respondent moved from his office and left **Paquette** no forwarding address.

19. **Paquette** was subsequently able to obtain a telephone number for the Respondent.

20. The Respondent has ignored **Paquette's** efforts to communicate and will not respond to her correspondence or telephone messages.

21. If the Respondent performed any services on behalf of **Paquette**, he failed to communicate that information to her.

22. **Paquette's** accounts with medical care providers, for medical expenses incurred by way of her personal injury, were turned over for collection.

23. The Respondent's conduct thereby violated the mandatory provisions of Rules 1.1, 1.3, and 1.4, ORPC, and constitutes grounds for professional discipline.

## COUNT IV

24. In August 1995, Archaleen McCall ("**McCall**") retained the Respondent to represent her in regards to a personal injury matter.

25. The Respondent assured **McCall** that settlement was imminent. That statement of the Respondent was a deliberate misrepresentation.

26. If the Respondent has performed any activity on behalf of **McCall**, he has failed to communicate that information to her.

27. The Respondent has ignored **McCall's** efforts to communicate with him and will not respond to her correspondence or telephone messages.

28. The Respondent's conduct thereby violated the mandatory provisions of Rules 1.1, 1.3, 1.4, and 8.4(c), ORPC, and constitutes grounds for professional discipline.

## COUNT V

29. In May 1996, Clarence Glaze ("**Glaze**") retained the Respondent to represent him in a personal injury matter.

30. On May 13, 1996, the Respondent informed **Glaze** that he had rejected a settlement offer of $6500.00.

31. The following day, the Respondent informed counsel for the defendant that he would accept the settlement offer of $6500.00.

32. On May 23, 1996, counsel for the defendant forwarded a check for $6500.00 to the Respondent, with a release and a Dismissal with Prejudice.

33. The Respondent neglected to informed **Glaze** that he had accepted the settlement offer or that he had received the settlement check and related material.

34. The Respondent failed to negotiate the settlement check and failed to execute or return the release and Dismissal with Prejudice.

35. The Respondent has ignored the efforts of **Glaze** and opposing counsel to communicate and will not respond to correspondence or telephone messages.

36. The Respondent's conduct thereby violated the mandatory provisions of Rules 1.1, 1.3, 1.4, 3.2, 4.4 and 8.4(c), ORPC, and constitutes grounds for professional discipline.

## COUNT VI

37. The Respondent agreed to represent Angelica Yount ("**Yount**") in regards to a personal injury matter.

38. The Respondent assured **Yount** that her claim would be settled and that, after the Respondent retained his contingency fee and paid Yount's medical care providers, she would receive $1500.00 as her share of the settlement.

39. **Yount's** claim was settled for $1500.00 and, on September 28, 1994, counsel for the defendant forwarded to the Respondent a check in that amount made payable to the Respondent and **Yount**.

40. The Respondent never informed **Yount** that he had received the settlement check.

41. The settlement check was negotiated after **Yount's** signature was forged thereto.

42. Yount has not received anything from the Respondent, or any third party, from the settlement of her claim.

43. The Respondent has ignored **Yount's** efforts to communicate and will not respond to her correspondence or telephone messages.

44. The Respondent's conduct thereby violated Rules 1.4 and 8.4(c), ORPC, and Rule 1.3, RGDP, and constitutes grounds for professional discipline.

### COUNT VII

45. Robert Alexander ("**Alexander**"), a Deputy Sheriff in Ottawa County, Oklahoma, required a knee replacement, which was allegedly performed improperly.

46. In April 1995, **Alexander** retained the Respondent to represent him in a medical malpractice action.

47. **Alexander** entrusted to the Respondent the artificial knee socket that was the subject of the medical malpractice action.

48. The Respondent has lost or misplaced the artificial knee socket and has failed to return that property to **Alexander**, who is unable to successfully pursue his cause of action absent production and inspection of the artificial knee socket.

49. If the Respondent has performed any legal services for **Alexander**, he has failed to communicate that information to him.

50. The Respondent has ignored the efforts of **Alexander** and his new attorney to communicate and will not respond to their correspondence and telephone messages.

51. The Respondent's conduct thereby violated the mandatory provisions of Rules 1.1, 1.3, 1.4, and 1.16(d), ORPC.

### COUNT VIII

52. On August 1, 1996, the Complainant received a written grievance from Grant regarding his relationship with the Respondent.

53. On August 6, 1996, the Complainant received a letter from **Spaulding** concerning her relationship with the Respondent.

54. On August 12, 1996, the Complainant received a letter from **Paquette** concerning her relationship with the Respondent.

55. On October 2, 1996, pursuant to Rule 5.2, RGDP, the Complainant mailed a letter to the Respondent's last known roster address, advising him of the grievances received from **Grant, Spaulding,** and **Paquette,** copies of which were enclosed, and further advising him of the requirement of filing a written response to each within twenty (20) days as required by Rule 5.2, RGDP.

56. The Respondent failed to respond or seek an extension or communicate with the Office of General Counsel concerning the grievances of **Grant, Spaulding,** or **Paquette** in any manner, during the twenty (20) day period.

57. On August 28, 1996, the Complainant received letters from **McCall** and **Glaze** concerning their relationship with the Respondent.

58. On October 7, 1996, pursuant to Rule 5.2, RGDP, the Complainant mailed a letter to the Respondent's last known roster address, advising him of the grievances received from **McCall** and **Glaze,** copies of which were enclosed, and further advising him of the requirement of filing a written response to each within twenty (20) days as required by Rule 5.2, RGDP.

59. The Respondent failed to respond or seek an extension or communicate with the Office of the General Counsel concerning the grievances of **McCall** and **Glaze,** in any manner, during the twenty (20) day period.

60. On November 18, 1996, the Complainant received a letter from **Yount** concerning her relationship with the Respondent.

61. On December 2, 1996, pursuant to Rule 5.2, RGDP, the Complainant mailed to a letter to the Respondent's last known roster address, advising him of the grievance received from **Yount,** a copy of which was enclosed, and further advising him of the requirement of filing a written response

within twenty (20) days as required by Rule 5.2, RGDP.

62. The Respondent failed to respond or seek an extension or communicate with the Office of General Counsel regarding **Yount's** grievance in any manner, during the twenty (20) day period.

63. On February 4, 1997, Tony Blasier ("Blasier"), an investigator in the Office of General Counsel, visited with the Respondent at the Respondent's residence concerning the matters set forth hereinabove. Blasier advised the Respondent that he needed to respond in writing to each grievance.

64. That afternoon, Blasier mailed to the Respondent's residential address a letter in which Blasier requested that the Respondent "either submit a written response to each of these grievances within 20 days of the date of this letter, or, we can arrange to take your deposition. I would ask that you let me know by no later than next Friday, February 14, 1997, how you wish to proceed."

65. The Respondent failed to respond to the Office of General Counsel by February 14, 1997, or at any time since.

66. On February 27, 1997, the Complainant mailed to the Respondent's residential address a letter, in which the Respondent was advised of the need to file a written response to the grievances of **Grant, Spaulding, Paquette, McCall, Glaze** and **Yount**. The Respondent was further advised that, pursuant to Rule 5.2, RGDP, his failure to respond "shall be grounds for discipline."

67. On March 16, 1997, a licensed private process server hand-delivered to the Respondent's wife, at their residence, a letter from the Office of General Counsel dated March 13, 1997, identical to the preceding letter from the Office of General Counsel. Therein, the Respondent was advised that "This will be our final request to you for a response."

68. The Respondent has wholly failed to file a written response to each and every grievance referenced hereinabove, or to request an extension of time in which a response could be filed.

69. The Respondent's conduct thereby violated the mandatory provisions of Rule 8.1(b), ORPC, and Rule 5.2, RGDP, and is grounds for professional discipline.

WHEREFORE, premises considered, the Complainant, Oklahoma Bar Association, prays that the Respondent, Stephen Michael Watkins, be disciplined as this Court finds equitable and proper, and for such other and further relief as this Court finds appropriate.

Done by the direction of the Professional Responsibility Commission this 21st day of May, 1997.

/s/ Ronald Main
Ronald Main,
Chairman
Professional Responsibility
Commission

Allen J. Welch

Allen J. Welch, OBA #11187

Assistant General Counsel

Oklahoma Bar Association

1901 N. Lincoln, P.O. Box 53036

Oklahoma City, Oklahoma 73152

(405) 524–2365